THE CITY OF BUFFALO, APPELLANT, *v.* FREDERICK SCHLIEFER, RESPONDENT.

*Civil action — a proceeding to recover a penalty is — a judgment of a justice's court can only be reviewed on appeal.*

A proceeding instituted in a Justices' Court by a city to recover the penalty imposed for a violation of a city ordinance is a civil action, and under section 351 of the old Code the judgment of the justice can only be reviewed by appeal.

APPEAL from an order of the Erie Special Term reversing a judgment and proceedings had before one George Feldman, a justice of the peace in and for the city of Buffalo. The respondent was charged before the justice with violating the provisions of sections 21 and 22 of chapter 10 of the ordinances of the city of Buffalo, which prohibit the selling of farm and garden produce except at "the groceries, stores and stands during market hours." The ordinances imposed a penalty of ten dollars for violation of them.

The respondent, upon being charged with such violation before the justice, denied it. There was evidence given on the trial of the issue upon both sides.

The order appealed from was made on the return of a writ of *certiorari*, issued to review the judgment.

*P. A. Matteson*, for the appellant.

*C. B. Wheeler*, for the respondent.

HARDIN, J. :

Where a statute or an ordinance imposes a penalty, unless special modes are prescribed, the same is to be collected by an action at law. Such an action is a civil action. (*People* v. *County Judge of Rensselaer Co.*, 13 How., 400 ; *People* v. *Colborne*, 20 id., 381.) An action prosecuted to recover in behalf of a municipal corporation is none the less a civil action than one prosecuted by an individual. The warrant in the Justices' Court required the party to answer the city of Buffalo. The action must be considered a civil one. It was not prosecuted by or in behalf of the people. (Code of Pro., § 2.)

The warrant upon which the respondent was arrested required him "to answer unto the city of Buffalo for violation of the twenty-first and twenty-second section of the tenth chapter of laws and ordinances of the said city of Buffalo, entitled of markets," etc. The justice "fined" him ten dollars and six dollars for costs. The justice's return is dated August 16, 1879. August 5, 1879, a writ of *certiorari* was issued, signed by L. S. Oatman, special deputy clerk, returnable at a Special Term of this court.

At a Special Term held at Buffalo, Erie county, August 29, 1879, the return was presented and the parties heard and "the proceedings and adjudications of the said justice of the peace were held in all respects irregular, erroneous and void," and they were reversed. From that order and judgment on it the city of Buffalo has appealed to this court.

Section 351 of the Code of Procedure declared that the only mode of reviewing a justice's judgment should be by an appeal as prescribed in chapter 5. That section and that chapter were in force when the justice rendered judgment herein, and it limited the right of the aggrieved party to an appeal.

Section 353 of chapter 5 of the Code required the notice of appeal to state the grounds upon which the appeal is founded.

The attempt to review the judgment of the justice by a *certiorari* returnable to the Special Term of this court was unauthorized. We do not see how the Special Term acquired any jurisdiction to review the justice's judgment. Its order was, therefore, without warrant of law and should be reversed and the *certiorari* quashed. (*People ex rel. Hallock* v. *Sleight*, 2 Hun, 632, opinion of TALCOTT, J.) But it does not appear that the objection was taken in the Special Term, and we must presume that, had it been, the same would have been sustained.

The writ may now be quashed, without costs to either party, as we must regard the whole proceeding irregular and unauthorized.

Order reversed, without costs, and writ quashed, without costs to either party.

SMITH, P. J., concurred; HAIGHT, J., not sitting.

So ordered.